UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF PILOT VII SERVICES INC., AS OWNER AND OPERATOR OF THE M/V PILOT VII | CIVIL ACTION<br><br>NO.<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE |

**VERIFIED COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

**NOW INTO COURT**, through undersigned counsel, comes Pilot VII Services Inc. ("Pilot VII Services" or "Petitioner"), as owner and operator of the M/V PILOT VII, seeking exoneration from, or alternatively, limitation of liability—civil and maritime—and who with respect, allege, aver and specifically represent, upon information and belief, as follows:

**I.**

This action is filed pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure.

**II.**

This matter involves an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**III.**

This Honorable Court has jurisdiction over this action by virtue of 46 U.S.C. § 30501, *et seq*. and by virtue of 28 U.S.C. § 1333.

**IV.**

Venue is proper in the United States District Court for the Southern District of Texas pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure.

**V.**

At all times pertinent hereto, Pilot VII Services Inc. was and is a domestic corporation organized and existing pursuant to the laws of Texas, and the owner and operator of the PILOT VII.

**VI.**

At all times pertinent hereto, the M/V PILOT VII was and is a documented vessel of the United States bearing U.S. Coast Guard documentation number 657937, and the PILOT VII was tight, staunch, strong, fully and properly equipped, manned and supplied and was in all respects seaworthy and fit for the services in which it was engaged.

**VII.**

At all times pertinent hereto, the M/V PILOT VII was adequately crewed and was under the command of a licensed, qualified operator.

**VIII.**

On or about April 5, 2023, the M/V PILOT VII was undergoing regular maintenance and cleaning while docked in the navigable waters of the United States near Port Isabel, Texas, when a member of its crew, Robert William Dunkin, was allegedly injured while aboard the vessel. Mr. Dunkin was assisting with the cleaning of the M/V PILOT VII's engine, and muriatic acid was used to clean the engine parts. Allegedly, Mr. Dunkin inhaled fumes from the muriatic acid and later experienced respiratory problems.

**IX.**

The M/V PILOT VII is a pilot boat, a specialized vessel used to bring pilots from onshore to ships waiting to enter the Port of Brownsville or Port Isabel. All of the pilots ferried by the M/V PILOT VII were employed by Brazos-Santiago Pilots, LLC.

**X.**

Suit has been filed against Brazos-Santiago Pilots, LLC (incorrectly named as "Brazos Santiago Pilots, LLC") by Robyn Dunkin, individually, as Next Friend of K.D. and M.D., Minors, and on behalf of the Estate of Robert William Dunkin, and Clay Dunkin.

**XI.**

The above-described injury and any losses and/or damages allegedly resulting therefrom were not caused or contributed to by any fault, neglect, negligence, lack of due diligence, or want of due care on the part of Pilot VII Services, its agents, servants, employees, or any person for whose acts Pilot VII Services is or can be held responsible; nor was the alleged injury caused or contributed to by any unseaworthiness or any other condition of the M/V PILOT VII.

**XII.**

The above-described alleged incident, injuries and any losses, and/or damages allegedly resulting therefrom, were done, occasioned and incurred without privity or knowledge of Pilot VII Services.

**XIII.**

As a result of the subject incident, claims totaling an as yet undetermined amount have been or may be asserted against Pilot VII Services and/or the M/V PILOT VII, which may or will exceed the amount or value of Petitioner's interest in the aforesaid vessel, and its pending freight, if any, after the termination of the voyage aforementioned.

## XIV.

At the termination of the voyage, the market value of the M/V PILOT VII, along with its pending freight, if any, will not exceed the sum of $120,000.00[1]

## XV.

There are no demands, unsatisfied liens, or claims against the M/V PILOT VII, to the best of Petitioner's knowledge.

## XVI.

This Complaint is filed within six months from the date Pilot VII Services received first notice of a limitable claim.

## XVII.

Pilot VII Services specifically denies any and all liability for any claim for injury, loss, damage and/or destruction occasioned by or resulting from the matters recited hereinabove, and avers that it has valid defenses to all such claims. Petitioner desires to contest liability for all such claims and, therefore, shows that it is entitled to exoneration from liability. Petitioner further shows that any and all losses, damage or destruction were done, occasioned and incurred without fault on its part, and without its privity or knowledge. However, should this Honorable Court adjudge that Pilot VII Services is at fault, then Petitioner claims the benefit of the Limitation of Liability provided for in 46 U.S.C. § 30501, *et seq.*, and under the various statutes supplementary thereto, and amendatory thereof, and all other applicable law and jurisprudence.

## XVIII.

Pilot VII Services demands exoneration from or limitation of liability for all claims, damages, injuries, or losses of any kind caused, occasioned or arising out of the voyage of the M/V

---

[1] *See* Affidavit of Value, attached as Exhibit "A."

PILOT VII on or about April 5, 2021, and the alleged incident or incidents which form the basis of this Complaint. Petitioner further alleges that it has valid defenses under the facts and the applicable law to any claims arising therefrom as provided by 46 § U.S.C. 30505, *et seq.* and Rule F of the Supplemental Rules of Admiralty and Maritime Claims.

## XIX.

Petitioner has filed contemporaneously herewith as security an *Ad Interim* Stipulation for Value accompanied by a properly executed Letter of Undertaking issued by Travelers Property Casualty company of America, the liability underwriter of the M/V PILOT VII on April 5, 2023, in the amount of $120,000, together with interest, at the applicable rate per annum, and costs, for the payment of Petitioner's interest in the M/V PILOT VII, or, if ordered by this Court, will file in this proceeding a bond with approved surety in the usual form of said amount, with interest at the applicable rate per annum, and costs, from the date hereof. Petitioner specifically reserves the right to apply to this Court to reduce the amount of the Letter of Undertaking and the limitation fund in accordance with final evaluations and applicable statutes.[2]

## XX.

Petitioner does not know the total amount of all claims that may potentially be made for loss, damage or destruction as a result of the incident in question but anticipates and believes that suits or claims could or will be asserted and prosecuted against it and/or the M/V PILOT VII in amounts exceeding the total sum or sums for which Petitioner may be legally responsible or may be required to pay under the applicable statutes governing exoneration from or limitation of liability.

---

[2] *See Ad Interim* Stipulation of Value and Letter of Undertaking, attached as Exhibit "B."

## XXI.

Should this Court find Petitioner liable in any degree to anyone, which is denied, Petitioner's liability should be limited to and not exceed the value of Petitioner's interest in the M/V PILOT VII and her pending freight, totaling $120,000.00.

## XXII.

Based on information and belief, individuals and/or entities have asserted and/or may assert claims and/or demands against Petitioner as a result of the aforementioned incident.[3]  Petitioner anticipates that additional claims may be asserted against it and the M/V PILOT VII by other parties for damages, indemnity, contribution or other loses as a result of the incident.

## XXIII.

Petitioner reserves the right to plead all applicable affirmative defenses, claims, cross-claims and counterclaims against any claimant, including but not limited to the right to plead set off, the right to plead comparative fault, the right to plead compromise and settlement, the right to plead that the alleged incident was unavoidable by Petitioner, the right to plead Act of God, the right to plead that the incident resulted from violations of law or permits by particular claimants, the right to plead prescription and/or laches, the right to plead that particular claimants have no right to pursue claims for alleged unseaworthiness of the M/V PILOT VII, and the right to file cross-claims and/or third-party actions for damages or for indemnity or contribution against all persons and entities that may be legally responsible for the alleged incident described herein.

---

[3] *See* List of Potential Claimants, attached as Exhibit "C."

## XXIV.

Pursuant to 46 U.S.C. § 30505, *et seq.*, Petitioner is entitled to have all claims and issues concerning the incident in question determined in a single proceeding before the United States District Court for the Southern District of Texas sitting in admiralty.

**WHEREFORE,** Petitioner prays that:

1. This Court accept Petitioner's *Ad Interim* Stipulation for Value accompanied by the properly executed Letter of Undertaking as security for all claims in this proceeding;

2. This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of Court and to serve on attorneys for Petitioner a copy thereof on or before a date to be named in the notice, and that if claimant desires to contest either the right to exoneration from or limitation of liability, such person shall file and serve on the attorneys for Petitioner an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

3. This Court enjoin the further prosecution of any and all actions, suits or proceedings of any nature or description already commenced or which may hereafter be commenced in any jurisdiction against Petitioner, Pilot VII Services Inc., as well as its respective insurers and underwriters, the M/V PILOT VII, whether in *personam*, by attachment, or *in rem*, and additionally dissolving the arrest or attachment of any property of Petitioner pursuant to any proceedings *in rem*, or by attachment for loss, damage and destruction done, occasioned or incurred by reason of or resulting from the aforesaid incident, or incurring during the aforesaid voyage, except in the present proceeding, against Petitioner or any other person having or claiming to have an interest of any kind in the M/V PILOT VII.  If any claimant who shall file its claim under oath shall file an exception, controverting the value of the M/V PILOT VII, and its condition, as alleged herein, in the amount of the approved Letter of Undertaking as aforesaid, with interest at the applicable rate per annum, and costs, from the date hereof, that this Court shall cause due appraisal to be made of the value of the M/V PILOT VII as it was at the completion of the voyage referred to herein, and its freight pending, if any;

4. In the event said appraised value exceeds the limitation fund or the security filed with the Court, that this Honorable Court enter an Order for the payment by Petitioner into the Court of the value of Petitioner's interest therein, or for the giving of approved security of Petitioner in such amount, pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Federal Rules of Civil Procedure;

5. This Court adjudge that Petitioner is not liable to any extent whatsoever for any loss, damage or destruction, or for any claims whatsoever, arising from the consequences of the matters, happenings, and events stated in this Complaint, and exonerate Petitioner, its respective insurers and underwriters, and the M/V PILOT VII from liability therefore;

6. In the alternative, and if this Court should adjudge that Petitioner is liable for any amount whatsoever, said liability shall be limited to the value of the amount of Petitioner's interest in the M/V PILOT VII and her freight, as aforesaid, that the monies paid or ordered to be paid, as aforesaid, may be divided pro rata, amongst such claimants, as they prove their claims, saving to all parties the priority to which they may be entitled, and that a decree be entered, discharging Petitioner and its insurers and underwriters from all other liabilities;

7. After due proceedings had, there be judgment herein, in favor of Petitioner, Pilot VII Services Inc., granting it exoneration from, or in the alternative, limitation of liability to the amounts claimed herein; and

8. Petitioner be granted such other and further relief that it may be entitled to receive in law or equity.

Respectfully submitted,

**KEAN MILLER LLP**
*/s/ David Pybus*
David Pybus
Texas Bar No. 16418900
711 Louisiana Street, Suite 1800
South Tower
Houston, Texas 77002
(713) 844-3000 – Telephone
(713) 844-3030 – Facsimile
david.pybus@keanmiller.com

Brad Schlotterer ( #24211)
David Judd (# 39931)
(pro hac vice motion to be filed)
909 Poydras St #3600
New Orleans, LA 70112
Telephone - 504-585-3050
Fax - 504-585-3051
brad.schlotterer@keanmiller.com
david.judd@keanmiller.com

**ATTORNEYS FOR PILOT VII SERVICES INC.**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this the 8th day of February, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

*/s/ David Pybus*
**DAVID PYBUS**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF PILOT VII SERVICES INC., AS OWNER AND OPERATOR OF THE M/V PILOT VII | CIVIL ACTION<br><br>NO.<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE |

**VERIFICATION**

STATE OF TEXAS
COUNTY OF CAMERON

    I, Chris Urbanovsky, after being duly sworn did state the following:

    I am one of the owners of Pilot VII Services Inc. I have read the attached Verified Complaint for Exoneration from or Limitation of Liability, and I have knowledge of the facts and circumstances regarding the incident referenced therein. The allegations in the attached Verified Complaint for Exoneration from or Limitation of Liability are true and correct to the best of my knowledge, information, and belief.

_____
Chris Urbanovsky

Sworn to and subscribed before me this __06__ day of __February__, 2024.

_____
Notary Public
My commission expires: __5.31.2027__

DANIELLE ANN LOPEZ
Notary Public, State of Texas
My Commission Expires
May 31, 2027
NOTARY ID 13203302-0

10